**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaymie Lyn Nelson, | No. CV 19-0250-TUC-LAB |
| Plaintiff, | **ORDER** |
| vs. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the court is the plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), filed on May 20, 2020. (Doc. 29) The Commissioner filed a response on June 15, 2020. (Doc. 33) The plaintiff, Nelson, filed a reply on July 27, 2020. (Doc. 39)

The plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner for Social Security denying her claim for disability insurance benefits. (Doc. 1) In an order issued on February 21, 2020, this court reversed the Commissioner's final decision and remanded the case for payment of benefits. (Doc. 27) The plaintiff moves for attorney fees in the amount of $11,247.71 pursuant to the EAJA, 28 U.S.C. § 2412. (Doc. 29); (Doc. 39, p. 21) The defendant filed a response arguing the motion for attorney fees should be denied because the government's position was substantially justified and

the fees requested are not reasonable.  (Doc. 33)  Nelson filed a reply on July 27, 2020.  (Doc. 39)

Discussion

Pursuant to the Equal Access to Justice Act (EAJA):

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless* the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A)  (emphasis added).  The phrase "fees and other expenses" includes reasonable attorney fees.  28 U.S.C. § 2412(d)(2)(A).

Substantially Justified

"Substantial justification under the EAJA means that the government's position must have a reasonable basis in law and fact." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). "The government's position must be substantially justified at each stage of the proceedings." *Id*. "It is the government's burden to show that its position was substantially justified." *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014).

In this case, the court reversed the decision of the social security administrative law judge (ALJ) because "[t]he ALJ did not provide specific, clear, and convincing reasons for discounting Nelson's subjective symptom testimony."  (Doc. 27, p. 1)  In her decision, the ALJ stated that she discounted Nelson's subjective symptom testimony because clinical findings did not support the level of pain that she alleged.  (Doc. 27, p. 7)  The court found that this approach violated the case law in the Ninth Circuit.  (Doc. 27, p. 8)  (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007))  The ALJ also concluded that Nelson's subjective symptom testimony was not supported by the medical record.  (Doc. 27, p. 9)  The court rejected the ALJ's argument finding, among other things, that it did not account for the episodic nature of

- 2 -

1  her symptoms, migraine headaches. (Doc. 27, p. 11) (*citing Garrison v. Colvin*, 759 F.3d 995,
2  1017 (9th Cir. 2014))

3        The Ninth Circuit considers a procedural error of this type to be a "basic and
4  fundamental" error. *Shafer*, 518 F.3d at 1072-72 (discussing the ALJ's failure to provide "clear
5  and convincing" reasons for discrediting the claimant's subjective complaints). Absent special
6  circumstances, "the defense of basic and fundamental errors . . . is difficult to justify." *Corbin*
7  *v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).

8        This court finds that "[t]he ALJ did not apply the proper legal standards and the
9  Commissioner was not substantially justified in defending the ALJ's errors." *Solomon v.*
10 *Comm'r of Soc. Sec.*, 2019 WL 1599419, at *4 (E.D. Cal. 2019). "Therefore, the government's
11 position in this matter was not substantially justified." *Id.*; *see, e.g., Shafer v. Astrue*, 518 F.3d
12 1067, 1071 (9th Cir. 2008); *Solomon v. Comm'r of Soc. Sec.*, 2019 WL 1599419, at *3 (E.D. Cal.
13 2019) (Where the ALJ's "failure to provide legally adequate reasons for rejecting the testimony
14 of the claimant and the third-par[t]y witnesses was contrary to controlling law in this circuit,"
15 the Government's position was not "substantially justified."); *see also Campbell v. Astrue*, 736
16 F.3d 867, 868 (9th Cir. 2013) ("It will be only a decidedly unusual case in which there is
17 substantial justification under the EAJA even though the agency's decision was reversed as
18 lacking in reasonable, substantial and probative evidence in the record.") (punctuation
19 modified).

21       <u>Reasonable</u>
22       "A district court's award of attorney fees must be reasonable." *Sorenson v. Mink*, 239
23 F.3d 1140, 1145 (9th Cir. 2001). "The most useful starting point for determining the amount of
24 a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a
25 reasonable hourly rate." *Id.*

In this case, counsel asserts that he expended a total of 54.8 hours[1] and requests an award of $11,247.71. (Doc. 39, pp. 1, 20); (Doc. 39, p. 21) Counsel explains that he has obtained EAJA fees in this district at least 17 times over the past few years and has obtained awards usually between $10,000 and $12,000 but occasionally as high as $15,000. (Doc. 30, p. 8, n. 4) Counsel's requested award in this case seems typical of the fees usually awarded to him in this district. *Id.* At first blush, the court finds counsel's fee request to be reasonable considering the number of hours spent and the difficulty of this particular case, which was about average. *See, e.g.,* (Doc. 25), *Desch v. Commissioner*, CV 19-4419-PHX-DMF (finding award of $12,109.75 under the EAJA to be reasonable).

The Commissioner argues specifically that the fees requested by the claimant are not reasonable "due to, among other things, duplicative work on the complaint and opening brief, the inclusion of copy-and-paste arguments that Plaintiff's counsel has used repeatedly in prior pleadings, counsel's prohibited use of block billing entries, and inclusion of unreasonable arguments in his merits brief." (Doc. 33, p. 2) The court considers the Commissioner's arguments in turn.

First, the Commissioner argues that counsel "inflates his hours by submitting lengthy briefs containing sections that have been copied and pasted from pleadings in other previously-filed Social Security cases, as well as lengthy complaints that are essentially slightly shorter versions of his merits briefs." (Doc. 33, p. 12) The Commissioner supports his argument by showing the court how much language in Nelson's opening brief was taken from other previously-filed briefs. The Commissioner is quick to clarify that he does not object to counsel's practice of recycling arguments. (Doc. 33, p. 13) He objects, however, to counsel "charging the government the amount of time it might take to write an entire brief from scratch . . . ." (Doc. 33, p. 13) The Commissioner, however, presents nothing to support his accusation that counsel has inflated the number of hours he says he spent writing his brief by including hours he previously spent on another case.

---

[1] This total includes time spent litigating the pending motion.

The Commissioner further argues that the amount of time counsel spent on the Complaint is unreasonable. (Doc. 33, p. 13) In this case, counsel reports spending approximately 12 hours reviewing the administrative record, performing medical research, and preparing the 20-page Complaint. (Doc. 33, pp. 13-14) The Commissioner argues that this amount of time is excessive because all that is required is a simple notice pleading. (Doc. 33, p. 14)

The court agrees that the complaint in this case is longer and more detailed than most Social Security complaints this court has seen. Apparently, counsel decided to spend time early in the case examining the record and identifying issues. While unorthodox, this practice is not necessarily wasteful because time spent at the complaint stage identifying medical issues will be useful later when the opening brief is prepared.

The Commissioner asserts to the contrary that counsel's time spent at the Complaint stage did not shorten the amount of time needed to brief the merits because counsel "billed a whopping 29.5 hours at the merits state." (Doc. 33, p. 15) The Commissioner seems to be saying that the opening brief would have taken 29.5 hours to complete regardless of how much time counsel spent on the Complaint. He does not, however, provide any evidence to support his opinion.

The Commissioner observes that a different attorney, Robin Larkin, wrote the opening brief, which was then reviewed by Nelson's primary counsel. (Doc. 33, pp. 16-18) The Commissioner maintains that this process resulted in unnecessary duplication of efforts. Specifically he argues that primary counsel should not have spent 10 hours reviewing a brief that took 18.5 hours to draft in the first place. *Id*. The Commissioner asserts that counsel should have taken no more than 4 hours to review it. (Doc. 33, p. 18)

The court agrees that using two attorneys instead of one increases the number of hours spent performing a particular task such as writing the opening brief. This practice should, however, increase the quality of the final product in accordance with that old adage, "two heads are better than one." And hopefully, it will also increase the chances of success. On the other hand, if the court should find in favor of the ALJ, then using two attorneys, instead of one, increases the number of uncompensated attorney hours. It is a risk that counsel apparently

1   found to be justified in this particular instance. As he was successful, the court is disinclined
2   to second-guess him. *See also Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir.
3   2008) ("By and large, the court should defer to the winning lawyer's professional judgment as
4   to how much time he was required to spend on the case; after all, he won, and might not have,
5   had he been more of a slacker.").

6   The Commissioner also objects to counsel's use of "block billing." (Doc. 33) Block
7   billing is a practice in which the practitioner reports a single block of time and lists a number
8   of tasks associated with that time. Block billing is disfavored "because block billing makes it
9   more difficult to determine how much time was spent on particular activities." *Welch v. Metro.
10  Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). The Commissioner asserts that this court should
11  reduce counsel's total fee award by 10 percent because counsel's use of block billing "almost
12  certainly inflates his claimed hours." (Doc. 33, p. 18) The Commissioner fails to explain,
13  however, why he believes that counsel's use of block billing would inflate his claimed hours.
14  In fact, Nelson's counsel asserts that he "routinely round[s] down the time actually expended
15  to the nearest half hour for long periods of work." (Doc. 39, p. 4)

16  Likewise, the Commissioner fails to provide any evidence to show that counsel's claimed
17  hours are inflated by 10 percent, rather than say 5 percent or 15 percent. Counsel has itemized
18  the time spent on the case and has provided an affidavit attesting that he believes that the time
19  spent was "reasonable and necessary under the circumstances." (Doc. 30-2); (Doc. 30-3) In
20  the absence of any evidence to the contrary, the court will assume that counsel's figures are
21  correct, that he has not perjured himself, and that he has not violated Ethical Rule 3.3(a).
22  Ariz.Sup.Ct.R. 42, Rules of Prof.Conduct ("A lawyer shall not knowingly . . . make a false
23  statement of fact or law to a tribunal. . . .")

24  The Commissioner notes that in the Ninth Circuit, "district courts may impose a 10
25  percent across-the-board reduc[tion] based on its exercise of discretion without any specific
26  explanation." (Doc. 33, p. 19) (*citing Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir.
27  2012)). But while it may be true that this court could impose a 10-percent reduction without
28

1  an explanation, it does not follow that this court should impose a 10-percent reduction without
2  a *reason.*  And those advanced by the Commissioner are not sufficiently compelling.

3  The Commissioner further argues that this court should reduce counsel's fee award by
4  2 hours because he *reviewed* briefs that he previously drafted and edited. (Doc. 33, p. 19)
5  (citing, among other things, Doc. 30-2, p. 2, 5/2/19 ("drafted and edited Complaint"), 5/3/19
6  ("reviewed [and] filed Complaint"))  The court is unclear about how it should interpret this
7  argument.

8  In the film *Amadeus*, there is a notable scene where Antonio Salieri, Mozart's nemesis,
9  peruses a handful of Mozart's manuscripts and finds to his chagrin that they contain absolutely
10 no evidence of revision or correction. (Orion pictures, 1984)  It was as if Mozart had the ability
11 to imagine music fully formed in his mind and simply recorded the notes as though he were
12 taking dictation from "the very voice of God."   https://www.imdb.com/title/ tt0086879/
13 characters/ nm0000719. Perhaps the Commissioner believes that Nelson's counsel has the same
14 ability.  If so, then revision would be redundant.

15 The court finds it more likely, however, that Nelson's counsel is not quite in Mozart's
16 league, and time spent reviewing a pleading with an eye toward making one's arguments as
17 clear and persuasive as possible is time well spent.[2]  Of course, one could spend too much time
18 revising a pleading without obtaining a commensurate increase in quality, but the record does
19 not indicate that the time counsel spent on review was unusual.

20 The Commissioner further argues that fees should not be allowed for counsel's
21 communications with Jeremy Pekas or James Mitchell.  The Commissioner was unable to
22 identify Pekas or the subject of the communications that counsel had with Mitchell.  The
23 Commissioner notes that attorneys are not permitted to bill for "purely clerical or secretarial
24 tasks." (Doc. 33, p. 20)  Nelson's counsel explains that Pekas is the attorney who represented
25 Nelson at the administrative hearing and before the Appeals Council. (Doc. 16-3, pp. 14, 50)

---

[2]  As counsel wryly suggests, the Commissioner's response brief could have benefitted from some revision too.  (Doc. 39, p. 18)

The court may presume that he was still an active participant in the litigation. Counsel's time sheet indicates that Mitchell works in the office of the Federal Court Appeals Coordinator. (Doc. 30-2, 4/29/19) The subjects of those communications are redacted on counsel's time sheet presumably because they are privileged. The Commissioner provides no evidence, however, that the time billed involves "clerical or secretarial tasks."

The Commissioner further argues that counsel's fee award should be reduced because counsel's argument regarding the State agency physicians was frivolous and fees may be reduced where "special circumstances make an award unjust." (Doc. 33, p. 20) The court disagrees with the Commissioner's characterization of counsel's argument.

In his opening brief, counsel argued, among other things, that the opinions of the nonexamining physicians should not, by themselves, constitute substantial evidence. (Doc. 20, pp. 21-23) They ordinarily see only a fraction of the medical record that is before the ALJ; their report does not call for specific findings about a condition such as migraine headaches; and as their description suggests, they do not examine the claimant. *Id.* The Commissioner argues that counsel's argument is frivolous because he stated at the beginning of his argument that, "As a matter of law, the opinion of a nonexamining physician may not itself serve as substantial evidence to support a finding a claimant is not disabled," citing, among other things, *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). (Doc. 33, p. 21); (Doc. 20, p. 21) This, he argues, is a misstatement of the law which properly reads: "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion [of] an examining physician. . . ." (Doc. 33, p. 21), *see Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017).

The court agrees with the Commissioner that counsel's statement is not entirely supported by the *Buck* decision. Nevertheless, the court believes that counsel's argument as a whole is "a good faith argument for the extension, modification, or reversal of existing law" and therefore his argument is not frivolous. *See Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1539 (9th Cir. 1986).

Finally, the Commissioner argues that the court should award no fees for counsel's "moderate mental health limitations" argument because it "was entirely copied and pasted from previous briefs and was therefore unreasonable." (Doc. 33, p. 22)  The Commissioner argues that because the argument occupied approximately 8 percent of his merits briefs by length, this court should deduct 8 percent of his 41.5 billed hours or 3.32 hours. (Doc. 33, p. 22, n. 16)  The Commissioner's argument, however, only makes sense if counsel actually spent 8 percent of his *time* creating this argument, and the Commissioner explicitly states that it was "entirely copied and pasted from previous briefs." (Doc. 33, p. 22)  The court therefore must conclude that this argument took much less time than 3.32 hours to create.  The Commissioner fails to provide any further guidance as to how much time this pasting might have taken.  And as the Commissioner stated previously that he does not object to recycling arguments in general, it is unclear what the Commissioner finds objectionable here.   *See* (Doc. 33, p. 13)

IT IS ORDERED that the plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), filed on May 20, 2020, is GRANTED. (Doc. 29)  The plaintiff is awarded attorney fees in the amount of $11,247.71. (Doc. 39, pp. 1, 20); (Doc. 39, p. 21)

The Commissioner's response brief exceeds the page limit established by LRCiv 7.2(e)(1).  If the Commissioner continues to file briefs outside the permissible limit without seeking leave from the court, those briefs may be stricken without further notice.  If the Commissioner erroneously believed that LRCiv 16.1(d) applied here, he is now instructed otherwise.

DATED this 10th day of August, 2020.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 9 -